UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JOHN R. WILSON, | ) |
|              Plaintiff, | ) 08 CV 3353 |
| Vs. | ) Judge Robert W. Gettleman |
| CENTRAL DUPAGE HOSPITAL, | ) |
|              Defendant. | ) |

## CENTRAL DUPAGE HEALTH'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant Central DuPage Health ("CDH"), through its undersigned counsel, for its Answer to Plaintiff's Complaint and Affirmative Defenses states:

### NATURE OF THE ACTION

1. Plaintiff brings this civil action for violations of §510 of Employee Retirement Income Security Act ("ERISA"), 29 USC §1140.

**ANSWER:** CDH admits that Plaintiff states he is bringing this action for violations of §510 of ERISA. Further answering, CDH denies that it engaged in any such violation or engaged in any actionable conduct.

### JURISDICTION AND VENUE

2. Jurisdiction lies in this Court pursuant to 28 U.S.C. §1343(a)(3) and (4), 28 U.S.C. §1331 and 42 U.S.C. §12201.

**ANSWER:** CDH admits that this Court has jurisdiction under 28 U.S.C. §1331. CDH denies the remaining allegations of paragraph 2.

3. Venue is proper in the Northern District of Illinois, pursuant to 28 U.S.C. §1391(b), because the events giving rise to this claim occurred in this judicial district and plaintiff resides in this district.

**ANSWER:** CDH admits that the events giving rise to this claim occurred in this judicial district. CDH has insufficient information to admit or deny whether Plaintiff

resides in this district and therefore denies this allegation. CDH further states that to the extent that paragraph 3 contains conclusions of law, no responsive pleading is required and these allegations therefore are denied.

## PARTIES

4. The plaintiff, John R. Wilson, is a citizen of the United States who at all relevant times resided in Downers Grove, Illinois.

**ANSWER:** CDH has insufficient information to admit or deny the allegations in paragraph 4 and therefore denies these allegations.

5. Central DuPage Hospital is a private hospital located at 25 North Winfield Road, Winfield, Illinois. Plaintiff was an employee at Central DuPage Hospital until his unlawful termination on June 4, 2007.

**ANSWER:** CDH admits that Central DuPage Hospital is a private hospital located at 25 North Winfield Road, Winfield, Illinois. Further answering, CDH states that "Central DuPage Health" is an Illinois not-for-profit corporation that is the parent of Central DuPage Hospital Association, an Illinois not-for-profit corporation, which operates Central DuPage Hospital. Further answering, CDH states that the benefit plans at issue are in the name of Central DuPage Health. CDH admits that Plaintiff was employed by CDH from May 7, 2007 through May 25, 2007, at which time Plaintiff's termination was effective, in accordance with CDH's leave of absence policies. CDH denies the remaining allegations in paragraph 5.

## FACTS

6. Plaintiff started his employment with defendant on May 7, 2007 as a patient account representative.

**ANSWER:** CDH admits the allegations in paragraph 6.

7. Pursuant to defendant's practice and policy the defendant told plaintiff that he would begin receiving benefits, including health insurance benefits, on June 1, 2007.

**ANSWER**: CDH admits that, under its practices and policies, if Plaintiff had been employed by CDH on June 1, 2007, he would have begun to receive health insurance benefits. Further answering, CDH states that the last day Plaintiff worked for CDH was May 25, 2007. CDH denies the remaining allegations of paragraph 7.

8. Plaintiff was still employed by the defendant as of June 1, 2007 and began receiving benefits, including health insurance benefits, at that time.

**ANSWER**: CDH denies the allegations in paragraph 8. Further answering, CDH states that the last day Plaintiff worked for CDH was May 25, 2007, at which time he had not become eligible for health benefits.

9. Wilson was hospitalized due to illness beginning on May 25, 2007. On the next work day, May 29, 2007, a family member called defendant to inform it of plaintiff's hospitalization. On June 4, 2007 plaintiff received a preliminary diagnoses [sic] of leukemia.

**ANSWER**: CDH has insufficient information to admit or deny that Plaintiff was hospitalized due to illness beginning on May 25, 2007, and therefore denies this allegation. CDH admits that on May 29, 2007, a family member called CDH to inform it of Plaintiff's hospitalization. CDH has insufficient information to admit or deny that on June 4, 2007, Plaintiff received a preliminary diagnosis of leukemia and therefore denies this allegation.

10. On June 4, 2007 plaintiff's mother informed defendant that plaintiff had been diagnosed with leukemia. That same day, June 4, 2007, a representative of the defendant from its human resources department contacted plaintiff's mother and informed her that plaintiff's employment with the defendant was being terminated and the termination was being made retroactive to May 25, 2007. As a result, plaintiff no longer had health insurance through his employment with the defendant.

**ANSWER**: CDH admits that on June 4, 2007, plaintiff's mother informed defendant that Plaintiff had been diagnosed with leukemia. CDH admits that on June 4,

2007, a CDH employee associated with its human resources department informed Plaintiff's mother that Plaintiff's employment with CDH had been terminated as of May 25, 2007, which was the last day that Plaintiff had worked at CDH. Further answering, CDH states that because Plaintiff was not employed at CDH on June 1, 2007, he never became eligible for benefits, including health insurance benefits. CDH denies the remaining allegations of paragraph 10.

11. Defendant terminated plaintiff's employment in order to prevent plaintiff from receiving the benefits associated with his employment, including health insurance.

**ANSWER**: CDH denies the allegations in paragraph 11. Further answering, CDH states that the last day Plaintiff worked for CDH was May 25, 2007. Based upon the information that CDH received from Plaintiff's mother about Plaintiff's medical condition, including his hospitalization and leukemia diagnosis, Plaintiff's recovery time was expected to be extensive. Because Plaintiff had been a CDH employee for less than one month, he was ineligible for leave under (a) CDH's Family and Medical Leave policy (which requires employment for a minimum of 12 months), and (b) CDH's Personal Leave of Absence for Medical Reasons policy (which requires employment for a minimum of three months). Plaintiff therefore was terminated in accordance with CDH's standard practice and policy; his termination had nothing to do with CDH's employment benefits, including medical benefits.

12. As a result of his unlawful termination plaintiff has lost wages and benefits associated with his employment and will continue to lose wages and benefits in the future.

**ANSWER**: CDH denies that Plaintiff's termination was unlawful. CDH has insufficient knowledge to admit or deny that Plaintiff has lost wages and benefits associated with his employment and will continue to lose wages and benefits in the future

1193561-2                                         4

and therefore denies these allegations. Further answering, CDH states that since Plaintiff's termination was not unlawful, any alleged loss of benefits or wages by Plaintiff is not attributable to CDH.

13.  As a result of his unlawful termination plaintiff has incurred medical bills which would have been covered by health insurance he earned through his employment with defendant.

**ANSWER**:  CDH denies that Plaintiff's termination was unlawful or that he had earned health insurance through his employment at CDH. CDH has insufficient knowledge to admit or deny that Plaintiff incurred medical bills following his termination by CDH and therefore denies this allegation. Further answering, CDH states that since Plaintiff's termination was not unlawful and because he had not become eligible for health insurance through CDH as of May 25, 2007, any alleged medical expenses subsequently incurred by Plaintiff, which were not covered by health insurance, are not attributable to CDH. Further answering, CDH states that when informed by Plaintiff's mother of Plaintiff's medical condition, CDH recommended that Plaintiff's mother check with Plaintiff's prior employer to determine Plaintiff's eligibility for COBRA coverage under his prior employer's group health plan.

**FOR THESE REASONS**, Central DuPage Health denies that Plaintiff is entitled to any relief whatsoever and requests the Court to enter an order dismissing Plaintiff's Complaint, with prejudice, and for any further relief the Court deems just and appropriate.

# CENTRAL DUPAGE HEALTH'S AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE:
## LACK OF STANDING

1. Section 510 of ERISA, 29 U.S.C. § 1140, in relevant part, provides that "[i]t shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan ... or for the purpose of interfering with the attainment of any right to which the participant may become entitled under the plan."

2. To establish a *prima facie* case under Section 510, a plaintiff must show that he (a) belongs to the protected class; (b) was qualified for the position involved; and (c) was discharged or denied employment under circumstances that provide some basis for believing that prohibited intent existed.

3. Under CDH's policies and practices, Plaintiff, who began working for CDH on May 7, 2007, would have become eligible for health insurance benefits on June 1, 2007.

4. Plaintiff's last day of work at CDH was May 25, 2007, at which time he was hospitalized.

5. At the time of Plaintiff's hospitalization, he had worked for CDH for less than thirty days. As a result, Plaintiff was ineligible for leave under (a) CDH's Family and Medical Leave policy (which requires employment for a minimum of 12 months), and (b) CDH's Personal Leave of Absence for Medical Reasons policy (which requires employment for a minimum of three months).

6. On June 4, 2007, ineligible for leave and, in accordance with CDH's policies and practices, Plaintiff was terminated, effective May 25, 2007, which was his last day of work.

7. As of May 25, 2007, Plaintiff had not become eligible for CDH's health insurance benefits.

8. Because Plaintiff had not become eligible for the health benefits that he claims, he was not a member of the protected class and therefore has no standing to assert a claim under Section 510 of ERISA.

### SECOND AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM

1. CDH realleges and incorporates by reference paragraphs 1 through 7 of its First Affirmative Defense as paragraphs 1 through 7 of its Second Affirmative Defense.

2. Because, as of May 25, 2007, Plaintiff was ineligible for leave and was terminated in accordance with CDH's practices and policies, Plaintiff cannot show that he was discharged under circumstances that provide some basis for believing that prohibited intent existed.

3. Plaintiff therefore cannot state a claim under Section 510 of ERISA.

### THIRD AFFIRMATIVE DEFENSE: FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

#### (Pled in the Alternative)

1. CDH's Welfare and Flexible Benefits Plan (the "Plan") sets forth a claims procedure under which, *inter alia*: "Any person who believes that he or she is entitled to receive a benefit under a Benefit Program...may file a claim in writing with the Plan

Administrator." The Plan establishes procedures for the Plan Administrator's review of a claim, as well as procedures for additional levels of review if the claim is denied.

2. "Benefit Program" under the Plan includes CDH's medical benefits.

3. Plaintiff never filed a claim with the Plan Administrator challenging his denial of benefits nor did he seek redress for his claim through any administrative procedure established by the Plan.

4. Plaintiff therefore failed to exhaust his administrative remedies under the Plan, as required prior to bringing a civil action alleging a violation of Section 510 of ERISA.

## FOURTH AFFIRMATIVE DEFENSE:
## MOOTNESS

1. Since the filing of the Complaint, Plaintiff has become deceased.

2. The relief sought by the Complaint includes (a) a declaration that CDH violated 29 U.S.C. §1140 by terminating Plaintiff's employment to deny him benefits; (b) a permanent and temporary affirmative injunction reinstating Plaintiff's employment with CDH; and (c) a permanent and temporary affirmative injunction reinstating Plaintiff to all benefits, including health insurance, he would have enjoyed if he had not been unlawfully terminated.

3. While CDH does not concede that Plaintiff would have been entitled to injunctive relief, as a result of his death, the Complaint's claim for injunctive relief is moot.

4. While CDH does not concede that Plaintiff would have been entitled to declaratory relief, as a result of his death, Plaintiff no longer can benefit from a

declaration regarding the propriety of CDH's conduct. Accordingly, the Complaint's claim for declaratory relief is moot.

### FIFTH AFFIRMATIVE DEFENSE: NO LOSS CAUSATION

1. CDH realleges and incorporates by reference paragraphs 3 through 7 of its First Affirmative Defense as paragraphs 3 through 7 of its Fifth Affirmative Defense.

2. CDH is not liable for any loss of wages or medical expenses incurred by Plaintiff following his employment at CDH.

**FOR THESE REASONS**, Central DuPage Health denies that Plaintiff is entitled to any relief whatsoever based upon the foregoing Affirmative Defenses and requests the Court to enter an order dismissing Plaintiff's Complaint, with prejudice, and for any further relief the Court deems just and appropriate.

Dated: August 18, 2008

Respectfully submitted,

UNGARETTI & HARRIS

/s/ Susan G. Feibus
One of the attorneys
for Central DuPage Health

Susan G. Feibus
**UNGARETTI & HARRIS LLP**
3500 Three First National Plaza
70 W. Madison Street
Chicago, Illinois 60602
Telephone: (312) 977-4400
Facsimile: (312) 977-4405